IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**FRED J. HUTT, SR.,**

                    **Plaintiff,**

     **v.**                                            CASE NO. 05-3477-SAC

**CITY OF SALINA, et al.,**

                    **Defendants.**


**O R D E R**

     Plaintiff, a prisoner incarcerated in Lansing Correctional Facility in Lansing, Kansas, proceeds pro se on a complaint seeking declaratory judgment and damages under 42 U.S.C. § 1983. By an order dated January 11, 2006, the court directed plaintiff to supplement the record with a form complaint, and with information or documentation showing plaintiff's full exhaustion of administrative remedies. Having reviewed plaintiff's response, the court finds the supplemented complaint should be dismissed.

     To seek relief in federal court for the alleged violation of his constitutional rights, plaintiff must first demonstrate his full exhaustion of administrative remedies. 42 U.S.C. § 1997e(a). *See* Porter v. Nussle, 534 U.S. 516, 524 (2002)("exhaustion in cases covered by § 1997e(a) is now mandatory"). Prisoners are required to exhaust available administrative remedies prior to filing an action in federal court even where such remedies appear futile at providing the kind of remedy sought. Jernigan v. Stuchell, 304 F.3d 1030,

1032 (10th Cir. 2002).  *See* Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)("futility or other exceptions" are not to be read into the exhaustion requirement imposed by § 1997e(a)).  "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court."  Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003)(*quotation marks and citation omitted*).

In the present case, plaintiff alleges he was denied access to medical treatment while confined in the Saline County Jail in Salina, Kansas, from July 8, 2004, until February 18, 2005.  Plaintiff claims he was not allowed to take prescribed medication brought to the jail by his wife, and was not allowed to go to medical appointments that he had scheduled prior to his confinement.  Plaintiff further states he was not given a flu shot, and complains of negligence to medical needs cited in a recent finding of disability by the Social Security Administration.

However, plaintiff identifies no resort to administrative remedies on any of these claims, other than a broad reference to his verbal requests for medical treatment.  This is insufficient to make the showing required under § 1997e(a).[1]   *See* Steele v. Federal

---

[1] To the extent plaintiff is seeking to recover damages based on injuries alleged to have resulted from defendants' negligence, no cognizable constitutional claim upon which relief can be granted under 42 U.S.C. § 1983 is stated.  *See* Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

Also, plaintiff's allegations are insufficient to state a claim for relief against the City of Salina as the only named defendant in the complaint.  *See* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978)(municipality liability on a § 1983 claim requires

Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)(pleading requirement imposed by 1997e(a) requires a prisoner to attach a copy of applicable administrative dispositions to the complaint, or to "describe with specificity the administrative proceeding and its outcome"), *cert. denied*, 543 U.S. 925 (2004).

The court thus concludes the complaint should be dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a).

IT IS THEREFORE ORDERED that the complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) and motion for appointment of counsel (Doc. 3) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 7th day of March 2006 at Topeka, Kansas.


    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge

---

the deprivation of a plaintiff's constitutional rights pursuant to a policy or custom of the municipality).  Absent a showing of a causal link between an official policy or custom and the plaintiff's injury, Monell prohibits a finding of liability against a city. *See* D.T. by M.T. v. Independent School Dist. No. 16 of Pawnee County, Okl., 894 F.2d 1176, 1187 (10th Cir.) *cert. denied*, 498 U.S. 879 (1990).

    Accordingly, these claims would be subject to being summarily dismissed notwithstanding plaintiff's failure to exhaust administrative remedies.  *See* 42 U.S.C. § 1997e(c)(court is to dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted).