IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


FRED J. HUTT, SR.,

                          Plaintiff,

          v.                              CASE NO. 05-3477-SAC

CITY OF SALINA, et al.,

                          Defendants.


### O R D E R

Plaintiff, a prisoner in the custody of the Kansas Department
of Corrections, proceeds pro se on a supplemented complaint[1] seeking
declaratory judgment and damages under 42 U.S.C. § 1983.  By an
order dated March 7, 2006, the court dismissed the supplemented
complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).
Before the court is plaintiff's motion for reconsideration, filed
March 21, 2006.

*Motion for Reconsideration*

Plaintiff challenges the correctness of the judgment entered in
this matter and filed his motion within ten days of entry of
judgment,[2] thus his motion is considered as a motion to alter and
amend under Rule 59 of the Federal Rules of Civil Procedure.  <u>Van</u>

---

[1]As directed by the court, plaintiff supplemented his original
pleading with a complaint prepared on a court approved form.  *See*
D.Kan.Rule 9.1(a)(court approved form to be used by prisoner seeking
relief under 42 U.S.C. § 1983).

[2]*See* Fed.R.Civ.P. 6(a)(computation of periods of time less than
ten days).

Dockets.Justia.com

<u>Skiver v. U.S.</u>, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied* 506 U.S. 828 (1992).

The court dismissed plaintiff's supplemented complaint pursuant to the "total exhaustion" rule in <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181 (10th Cir. 2004), which required dismissal of a prisoner complaint without prejudice if it contained a mixture of a mixture of exhausted and unexhausted claims.[3]  Although plaintiff makes no showing that application of this controlling circuit precedent was inappropriate when the supplemented complaint was dismissed, the "total exhaustion" rule in <u>Ross</u> was recently abrogated by the United States Supreme Court.  <u>Jones v. Bock</u>, __ U.S. __, __ S.Ct. __, 2007 WL 135890 (U.S. January 22, 2007).

A Rule 59(e) motion to alter or amend judgment provides the court an opportunity to consider a change in the law.[4]  In light of <u>Jones</u>, the court finds it appropriate to grant plaintiff's motion and set aside the dismissal without prejudice of plaintiff's supplemented complaint, the denial of plaintiff's motion for leave to proceed in forma pauperis, and the denial of plaintiff's motion for appointment of counsel.

*28 U.S.C. § 1915 Motion*

Plaintiff has not paid the district court filing fee required by 28 U.S.C. § 1914, and instead seeks leave to proceed in forma

---

[3]The court also denied as moot plaintiff's motions for leave to proceed in forma pauperis and motion for appointment of counsel.

[4]*See* <u>Torre v. Federated Mut. Ins. Co.</u>, 862 F.Supp. 299, 300 (D.Kan. 1994)(a motion to alter or amend provides the court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, or consider a change in the law).

pauperis under 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. §
1915(b)(1), plaintiff must pay the full $250.00 filing fee[5] in this
civil action.  If granted leave to proceed in forma pauperis,
plaintiff is entitled to pay this filing fee over time, as provided
by payment of an initial partial filing fee to be assessed by the
court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from
plaintiff's inmate trust fund account as detailed in 28 U.S.C. §
1915(b)(2).  Because any funds advanced to the court by plaintiff or
on his behalf must first be applied to plaintiff's outstanding fee
obligation,[6] the court grants plaintiff leave to proceed in forma
pauperis in the instant matter without payment of an initial partial
filing fee.  Once this prior fee obligation has been satisfied,
however, payment of the full district court filing fee in this
matter is to proceed under 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening*

Because plaintiff is a prisoner, the court is required to
screen the supplemented complaint and to dismiss it or any portion
thereof that is frivolous, fails to state a claim on which relief
may be granted, or seeks monetary relief from a defendant immune
from such relief.  28 U.S.C. § 1915A(a) and (b).

Plaintiff seeks damages on allegations that he was denied
access to specific medical treatment while confined in the Saline
County Jail in Salina, Kansas, from July 8, 2004, until February 18,

_____

[5]Plaintiff initiated this action prior to the district court
filing fee being increased to $350.00, effective April 9, 2006.

[6]*See* <u>Hutt v. Werholtz</u>, Case No. 05-3476-SAC ($250.00 district
court filing fee).

2005.[7]  The defendants in this action are the City of Salina, named and unnamed Saline County jail officials, and an unnamed doctor under contract to provide medical care to Saline County prisoners.

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  It is well recognized that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104 (1976); Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001).  To the extent plaintiff may have been a pretrial detainee in the county jail, the same constitutional standard applies.  See Estate of Hocker ex rel. Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir. 1994)("Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment.").  However, negligence in the diagnosis or treatment of a medical condition does not state a valid claim under the Eighth Amendment.  Estelle, 429 U.S. at 105-06.  Nor does delay in medical care constitute an Eighth Amendment violation absent a showing the delay resulted in substantial harm, namely a "lifelong handicap,

_____

[7]Plaintiff also seeks a declaratory judgment, but such relief was rendered moot by plaintiff's transfer from the county jail before plaintiff initiated this action.  See Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions).  See also, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

permanent loss, or considerable pain." <u>Garrett</u>, 254 F.3d  at 950.

Here, plaintiff contends the medical care provided at the county jail was not equal to or better than the care he was receiving prior to his confinement.  He claims the jail nurse refused to dispense prescribed medication brought to the jail by plaintiff's daughter, claims he was not allowed to go to medical appointments that had been scheduled at the V.A. Hospital prior to his confinement, and claims the jail doctor refused to prescribe drugs for plaintiff's complaints of chronic low back pain. Plaintiff further states his requests for a flu shot and for specialty treatment were denied, and complains of staff negligence in addressing medical conditions cited by an Administrative Law Judge in a September 2004 finding that plaintiff was entitled to disability insurance benefits under the Social Security Act.

The court first finds all claims against the City of Salina are subject to being dismissed because plaintiff alleges no deprivation of his constitutional rights pursuant to a practice or custom of this municipal entity. *See* <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658, 694 (1978)(municipal entities are liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983").  Absent a showing of a causal link between plaintiff's injury and an official policy or custom of the City of Salina, <u>Monell</u> prohibits a finding of liability against this defendant.   <u>D.T. by M.T. v. Independent</u>

5

School Dist. No. 16, 894 F.2d 1176, 1187 (10th Cir.) *cert. denied*, 498 U.S. 879 (1990).

Likewise, plaintiff's claims for damages against the remaining named and unnamed defendants are subject to being dismissed. Examined against the standard set forth in Estelle, plaintiff's disagreement with the medical care provided at the jail, and plaintiff's allegations that staff did not intervene to provide the specific medical treatment he requested, fail to show the requisite "deliberate indifference" for stating a claim of constitutional significance.

Accordingly, the court directs plaintiff to show cause why the supplemented complaint should not be dismissed because no cognizable constitutional claim is stated upon which relief can be granted under 42 U.S.C. § 1983.[8]

Plaintiff's motion for appointment of counsel is denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) (Doc. 8) is granted, and that the order and judgment entered by the court on March 7, 2006, is set aside.

IT IS FURTHER ORDERED that plaintiff's motion for leave to

---

[8]Plaintiff is advised the dismissal would as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

proceed in forma pauperis (Doc. 2) is granted, and that collection of the $250.00 district court filing fee is to proceed pursuant to 28 U.S.C. § 1915(b)(2) after plaintiff's prior filing fee obligation has been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the supplemented complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 1st day of February 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge